UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEDDY MOORE,<br><br>                    Plaintiff,<br><br>        v.<br><br>T-MOBILE USA, INC.; FRIEDMAN, KAPLAN, SEILER & ADELMAN LLP; JASON C. RUBINSTEIN, ESQ; AMERICAN ARBITRATION ASSOCIATION; and ROY L. BARBIERI,<br><br>                    Defendants. | NOT FOR PUBLICATION<br><br>**MEMORANDUM AND ORDER**<br>21-CV-3806 (LDH)(MMH) |

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Teddy Moore, proceeding *pro se*, filed the instant action against Defendants T-Mobile USA, Inc. ("T-Mobile"), Friedman, Kaplan, Seiler & Adelman LLP, Jason C. Rubinstein, Esq., American Arbitration Association, and Roy L. Barbieri on June 28, 2021. On September 17, 2021, the Court dismissed the case pursuant to a February 2, 2015 order enjoining Plaintiff from filing any new lawsuits arising from or related to his prior claims against T-Mobile. On September 29, 2021, Plaintiff submitted a letter addressed to Magistrate Judge Marcia M. Henry[1] requesting that he be allowed to proceed in this case. (*See* Letter to Judge

---

[1] Plaintiff improperly directed his motion to Magistrate Judge Henry and not to the undersigned District Judge presiding over this action. Article III of the United States Constitution vests judicial power in duly appointed judges, now known as District Judges, who serve under lifetime appointment. U.S. Const. art. III, § 1. The Federal Magistrates Act, codified at 28 U.S.C. § 636, "grants district courts authority to assign magistrates certain described functions as well as 'such additional duties as are not inconsistent with the Constitution and laws of the United States.'" *Peretz v. United States*, 501 U.S. 923, 924 (1991) (internal citation omitted). "Given the bloated dockets that district courts have now come to expect as ordinary, the role of the magistrate in today's federal judicial system is nothing less than indispensable." *Id.* at 928. The powers of magistrate judges are delineated by 28 U.S.C. § 636 and by Local Civil Rules. In the E.D.N.Y., magistrate judges are "empowered to act with respect to all non-dispositive pretrial matters unless the assigned District Judge orders otherwise." Local Civil Rule 72. Under Local Civil Rule 73.1, the parties may mutually consent to final jurisdiction by the assigned Magistrate Judge. In this case, only the District Judge, who issued the September 17, 2021 memorandum and order, may reconsider that dispositive order.

Henry, ECF No. 8.) The Court construes the September 29, 2021 submission as a motion pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure requesting reconsideration of the Court's September 17, 2021 order dismissing the case.

## BACKGROUND

Plaintiff filed this *pro se* complaint alleging that his constitutional rights were violated in a prior proceeding in this Court, *Moore v. T-Mobile USA, Inc.*, No. 10-CV-527. In that lawsuit, Plaintiff alleged that Defendant T-Mobile USA, Inc. ("T-Mobile") was liable to him for violations of the Telephone Consumer Protection Act ("TCPA"). Defendants Friedman, Kaplan, Seiler & Adelman LLP, and Jason C. Rubinstein, Esq. represented T-Mobile in that action. The assigned District Judge in that case, the Honorable Sandra L. Townes, granted T-Mobile's motion to compel arbitration and dismissed the complaint, *Moore v. T-Mobile USA, Inc.*, No. 10-CV-527, 2012 WL 13036858 (E.D.N.Y. Sept. 28, 2012), and subsequently denied Plaintiff's requests for reconsideration, 2013 WL 55799 (E.D.N.Y. Jan. 2, 2013). Notably, in denying Plaintiff's motion for reconsideration, Judge Townes directed that no further submissions from Plaintiff would be docketed under case number 10-CV-527, other than papers related to an appeal, without the express permission of the Court. *Moore v. T-Mobile USA, Inc.*, No. 10-CV-527 SLT CLP, 2013 WL 55799, at *4 (E.D.N.Y. Jan. 2, 2013). The Court of Appeals affirmed the decision, 548 F. App'x 686 (2d Cir. 2013), and the United States Supreme Court denied certiorari, 571 U.S. 1226 (2014).

---

Plaintiff may have been confused by the recent reassignment of this case from Magistrate Judge Cheryl L. Pollak to Magistrate Judge Henry. The Local Rules of the E.D.N.Y. provide for the assignment of magistrate judges to each case. Local Civil Rule 72.2. Magistrate Judge Henry recently joined the E.D.N.Y. bench. As part of the E.D.N.Y.'s administration and efforts to distribute cases among magistrate judges, the E.D.N.Y. reassigns some of its pending cases to newly appointed magistrates.

Plaintiff also submitted letters directed to the Chief Judge. Those submissions were forwarded to Chief Judge Margo K. Brodie.

In the intervening period between Judge Townes' decision granting T-Mobile's motion to compel arbitration and the filing of the instant action, the arbitration resulted in the dismissal of Plaintiff's claims against T-Mobile. Plaintiff subsequently sought to vacate the arbitration award in the New York County Supreme Court, and T-Mobile removed the action to the United States District Court for the Southern District of New York. (*See* Notice of Removal, *Moore v. T-Mobile USA, Inc.*, No. 14-cv-7724 (S.D.N.Y. Sept. 24, 2014), ECF No. 1). In a report and recommendation, Magistrate Judge Andrew J. Peck recommended confirming the arbitration award, enjoining Plaintiff from filing future claims related to the arbitration award and the claims against T-Mobile, and imposing Rule 11 sanctions in the amount of $10,000. *See Moore v. T-Mobile USA, Inc.*, No. 14 Civ. 7724, 2014 WL 6474904, (S.D.N.Y. Oct. 27, 2014). In a February 3, 2015 order adopting the report and recommendation in part, District Judge George B. Daniels confirmed the arbitration award and enjoined Plaintiff from future filings related to the arbitration claims against T-Mobile but declined to impose sanctions at that time. 2015 WL 456680 (S.D.N.Y. Feb. 3, 2015), *reconsideration denied*, 2015 WL 1780942 (S.D.N.Y. Apr. 15, 2015). Judge Daniels warned that "any new *federal or state* lawsuits filed by Plaintiff arising from or related to his prior claims against T-Mobile shall be a violation of this Court's order and will automatically result in the imposition of the recommended sanction in the amount of $10,000." 2015 WL 456680, at *1.

Nonetheless, Plaintiff filed the instant submission seeking to reopen Eastern District of New York case number 10-CV-527 in direct contravention of the filing restrictions entered by courts in both the Eastern District of New York (limited to case number 10-CV-527) and the Southern District of New York (broadly applied to all federal and state courts). By order dated September 17, 2021, the Court dismissed Plaintiff's complaint in the instant action and directed

3

the Clerk of Court of the Eastern District to notify the Clerk of Court of the Southern District of the violation of Judge Daniels' February 3, 2015 filing injunction.

## STANDARD OF REVIEW

Rule 59 of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a court's judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 60 of the Federal Rules of Civil Procedure allows courts to relieve a party from a final judgment on the basis of several specified circumstances, including mistake, newly-discovered evidence, "fraud . . . , misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks and citation omitted). A motion for reconsideration is not a vehicle for relitigating already-decided issues. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"); *see also Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." (citation omitted)).

**DISCUSSION**

In this case, Plaintiff seeks to relitigate claims that were repeatedly and firmly rejected by courts in both the Eastern and Southern Districts of New York and in binding arbitration. Now, Plaintiff alleges that Judge Daniels erred in issuing the February 3, 2015 filing injunction and asks this Court "to grant my request to leave to proceed with the case." (*See* Letter to Judge Henry at 3.) Plaintiff offers two bases for his request.

*First*, Plaintiff argues that he did not initiate the litigation that resulted in the filing injunction and that, in fact, he was the respondent in the state court action before it was removed to federal court. This assertion is false. While Plaintiff did not remove the action to federal court, he did initiate the litigation in state court. (*See* Notice of Removal, *Moore v. T-Mobile USA, Inc.*, No. 14-cv-7724 (S.D.N.Y. Sept. 24, 2014).) That defendants removed the case to federal court does not change the fact that it was Plaintiff who initiated the action. Plaintiff's first argument is not a valid basis for reconsideration.

*Second*, Plaintiff argues that Judge Daniels did not have jurisdiction over the case in which the filing injunction was imposed. Plaintiff raised this same argument when he moved for reconsideration of Judge Daniels' order imposing the filing injunction. (Motion for Reconsideration at 2, *Moore v. T-Mobile USA, Inc.*, No. 14-cv-7724 (S.D.N.Y. Sept. 24, 2014), ECF No. 27.) That motion was denied. *See Moore v. T-Mobile USA, Inc.*, No. 14 CIV. 7724, 2015 WL 1780942, at *2 (S.D.N.Y. Apr. 15, 2015). Plaintiff then appealed the order imposing the filing injunction and the denial of his motion for reconsideration. (Notice of Appeal, No. 14-cv-7724 (S.D.N.Y. Apr. 17, 2015), ECF No. 31). The Second Circuit dismissed the appeal, finding it "lack[ed] an arguable basis either in law or fact." (Mandate, *Moore v. T-Mobile US, Inc.*, No. 15-1220 (2d Cir. Sept. 13, 2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325

(1989)).) The United States Supreme Court denied Plaintiff's subsequent petition for a writ of certiorari. *Moore v. T-Mobile USA, Inc.*, 577 U.S. 972 (2015). In making this second argument, Plaintiff seeks to relitigate an issue that has unequivocally already been decided. Because neither of Plaintiff's arguments raises a valid basis to grant reconsideration of the Court's September 17, 2021 memorandum and order dismissing the instant action for failure to comply with the filing injunction, Plaintiff's motion for reconsideration is denied.

The Court shares Judge Daniels' concern about preventing further waste of judicial resources. This Court has now twice dedicated court resources to this meritless case. It will not do so again. Any further filings in contravention of Judge Daniels' February 3, 2015 injunction will be summarily dismissed and may subject Plaintiff to sanctions.

## CONCLUSION

Plaintiff's September 29, 2021 "Motion for leave to proceed," construed as a motion for reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure is DENIED. The Clerk of Court is directed to return to Plaintiff, without filing, any future submissions prohibited by Judge Daniels' February 3, 2015 filing injunction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      January 28, 2022

/s/ LDH
LaShann DeArcy Hall
United States District Judge